ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUL -7  PM 12: 36

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WILFREDO PAZ-CARRANZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 306-033 |
| ) | |
| MICHAEL V. PUGH, Warden; BUREAU ) | |
| OF IMMIGRATION SERVICES; ) | |
| BUREAU OF PRISONS; and ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Respondents. ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, filed the instant petition pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[1]

I.  **BACKGROUND**

Petitioner is currently serving a sentence of 57 months of imprisonment imposed by the United States District Court for the Southern District of Texas following his guilty plea and subsequent conviction for illegally reentering the United States in violation of 8 U.S.C. § 1326. United States v. Paz-Carranza, CR 402-0696-1, doc. no. 25 (S.D. Tex. June 19, 2003). Petitioner reports that he is subject to a detainer, and that he will likely be deported

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

upon completion of his sentence. (Doc. no. 1, p. 6.) Petitioner seeks "declaratory relief" preventing the Bureau of Immigration and Customs Enforcement ("BICE") "from deporting him again." (Id. at 7.) Petitioner also avers that he is entitled to "immediate release." (Id. at 6.) Although his petition is far from pellucid, Petitioner apparently contends that his original deportation was a mistake, that his 2003 conviction for illegal reentry is invalid, and that BICE should be ordered not to remove him. (See generally id.)

Petitioner does provide a few details regarding his conviction. Petitioner, a Honduran citizen, explains that he was originally deported to Honduras in 1993. (Id. at 9.) Petitioner explains that his deportation was based on his 1991 conviction in a Mississippi state court for possessing with intent to distribute more than 1 kilogram of marijuana. (Id.) Petitioner reentered the United States, was discovered by BICE agents in 2002, and entered the aforementioned guilty plea in 2003. (Id. at 9-10.) Of note, although Petitioner indicates that BICE has lodged a detainer, it is unclear from the petition whether removal proceedings against him have commenced or are merely contemplated.

## II. DISCUSSION

### A. Attempt to Challenge Underlying Conviction

To begin, to the extent Petitioner is attempting to challenge his conviction for illegally reentering the United States, this Court lacks jurisdiction to consider his claims. A federal prisoner may resort to § 2241 to challenge the execution of his sentence by the Federal Bureau of Prisons; however, in seeking his "immediate release," Petitioner is challenging the fundamental validity of his sentence, not its execution. Such claims are properly brought in a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C.

2

§ 2255. 28 U.S.C. § 2255, ¶ 1. Section 2255 motions must be filed in the court of conviction--here, the Southern District of Texas. Id. Thus, this Court lacks jurisdiction to grant Petitioner the relief he requests.[2] See, e.g., Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997)(only court of conviction may exercise jurisdiction over claims properly brought under § 2255); see also Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Unit A), *cert. denied*, 452 U.S. 920 (1981).[3]

### B.    Attempt to Prevent Removal

Next, to the extent Petitioner may be challenging a final order of removal, the "sole and exclusive means of judicial review of an order of removal" is a "petition for review filed with the appropriate court of appeals." 8 U.S.C. § 1252(a)(5). Section 1252 plainly divests this Court of any jurisdiction to entertain a collateral challenge to a final order of removal; in short, "[t]he provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases." Balogun v. U.S. Attorney Gen., 425 F.3d 1356, 1360 (11th Cir. 2005). Therefore, to the extent Petitioner is challenging a final order of removal, he has filed his petition in the wrong court.[4]

---

[2] The Court recognizes that a federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255, ¶ 5. However, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Petitioner has made no attempt to argue that he is entitled to invoke the so-called "savings clause" of § 2255; nor does any reason to suppose that Petitioner is entitled to proceed under § 2241 leap out of his petition. See Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*) (discussing applicability of § 2255's "savings clause").

[3] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*).

[4] It should also be recognized that, to the extent Petitioner is challenging the validity of his 1993 deportation, his challenge is untimely. See 8 U.S.C. § 1252(b)(1) (petition for review of final order of removal must be filed within "30 days after the date of the final order of removal"). Section 1252(b)(1)'s time limit is

Furthermore, an alien may not obtain judicial review of a final order of removal unless and until he has exhausted available administrative remedies. 8 U.S.C. § 1252(d)(1). In addition, when an alien is seeking

> to prevent an exclusion or deportation proceeding from taking place in the first instance and is thus not, strictly speaking, attacking a final order of deportation or exclusion, it is well settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies, one of which is the deportation or exclusion hearing itself.

Asemani v. Attorney Gen., 140 Fed. Appx. 368, 373, 2005 WL 1712384, at *4 (3d Cir. July 22, 2005)(quoting Massieu v. Reno, 91 F.3d 416, 421 (3d Cir. 1996)). Here, Petitioner does not allege that he has pursued *any* administrative remedy. Thus, even if the Court were not otherwise prevented from exercising jurisdiction over this action, Petitioner's failure to exhaust administrative remedies would preclude this Court from reaching the merits of this case. See, e.g., Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006).

Moreover, to the extent Petitioner seeks to challenge BICE's mere decision to lodge a detainer against him, relief is only available under § 2241 to one "in custody in violation

---

jurisdictional. See Stone v. INS, 514 U.S. 386, 405 (1995) (interpreting predecessor statute). Regardless, under 8 U.S.C. § 1231(a)(5), when an alien illegally reenters the United States, the alien's prior removal order is reinstated. Section 1231(a)(5) provides that the reinstated removal order is "not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order." Thus § 1231(a)(5) precludes Petitioner from challenging his prior removal order or applying for adjustment of status. See, e.g., Berrum-Garcia v. Comfort, 390 F.3d 1158, 1163, 1168 (10th Cir. 2004).

Also of note, an alien prosecuted under 8 U.S.C. § 1326 may only "collaterally attack the removal underlying his criminal prosecution by showing that: (1) he exhausted available administrative remedies, (2) the removal proceedings improperly deprived him of the opportunity for judicial review, and (3) the entry of the removal order was fundamentally unfair." United States v. Santiago-Ochoa, 447 F.3d 1015, 1018 (7th Cir. 2006) (citing 8 U.S.C. § 1326(d)). Petitioner has made no such showing. Indeed, rather than challenging his 1993 deportation, Petitioner waived any § 1326(d) challenge when he pled guilty to illegal reentry.

Simply put, quite aside from the jurisdictional infirmities explained herein, Petitioner's claims are of dubious merit.

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Of course, an alien does not have to be in BICE's physical custody to satisfy this requirement; rather, the "in custody" requirement is satisfied when an alien is subject to a final order of removal.[5] Nevertheless, BICE's lodging of a detainer against Petitioner, "standing alone, did not cause [Petitioner] to come within the custody of the [BICE]." Orozco v. U.S. I.N.S., 911 F.2d 539, 541 (11th Cir. 1990).[6] In sum, no matter how the Court construes the instant petition, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*) (courts should construe *pro se* pleadings liberally), Petitioner has not shown that he is "entitled to proceed under § 2241." Orozco, 911 F.2d at 541.

### III. CONCLUSION

As the Court lacks jurisdiction over Petitioner's claims, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 7th day of July, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] See Kumarasamy v. Attorney Gen., No. 05-2323, __ F.3d __, 2006 WL 1716733, at *3 (3d Cir. June 23, 2006) (citing Simmonds v. INS, 326 F.3d 351, 356 (2d Cir. 2003); Aguilera v. Kirkpatrick, 241 F.3d 1286, 1291 (10th Cir. 2001); Mustata v. United States Dep't of Justice, 179 F.3d 1017, 1021 n. 4 (6th Cir. 1999); Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995)).

[6] Accord Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 541 (5th Cir. 2003); Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988).